IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 1/21/22
TIME: 2:30 PM
INITIALS: MG

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-CR-20131-TLP |
| | ) | |
| DEMITRIOUS DAVIS, | ) | |
| Defendant. | ) | |

# PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the Plea Agreement reached between the United States, represented by JOSEPH C. MURPHY, JR., United States Attorney for the Western District of Tennessee, and WENDY K. CORNEJO, Assistant United States Attorney, and the defendant, DEMITRIOUS DAVIS, represented by MARY CATHERINE JERMANN-ROBINSON, defense counsel.

1.  DEMITRIOUS DAVIS agrees that he will enter a voluntary plea of guilty to Count 1 of the Indictment, which charges the defendant with knowingly being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense carries a maximum statutory punishment of imprisonment for not more than ten (10) years, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100. However, pursuant to 18 U.S.C. § 924(e), if the Court finds that the defendant has three or more prior felony convictions for violent felonies or serious drug offenses, then the defendant is subject to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which increases the

statutory punishment to imprisonment for not less than fifteen (15) years and not more than life, a fine of not more than $250,000, a period of supervised release for not more than five (5) years, and a mandatory special assessment of $100. If it is determined that the ACCA applies, the defendant MAY NOT withdraw his guilty plea. DEMITRIOUS DAVIS agrees that he is entering a voluntary plea of guilty to Count 1 because he is, in fact, guilty of the offense charged in Count 1. Furthermore, DEMITRIOUS DAVIS acknowledges and stipulates that on June 29, 2021, he knew he was a convicted felon.

2. Pursuant to this agreement, both the UNITED STATES and DEMITRIOUS DAVIS agree that the offense level enhancement at U.S.S.G. § 2K2.1(b)(6) for possessing the firearm in connection with another felony DOES NOT APPLY in this case.

3. Pursuant to this agreement, both the UNITED STATES and DEMITRIOUS DAVIS agree that this sentence shall be consecutive to Shelby County Criminal Case Number H2102538.

4. Pursuant to this agreement, the UNITED STATES agrees to recommend:

   a. That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

   b. That the defendant be sentenced within the advisory guideline range as that range is determined by the Court;

   c. That following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

   d. That the defendant be required to pay a fine amount if ordered by the Court; and

   e. That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

5. DEMITRIOUS DAVIS understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. §3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit or impose a sentence as recommended by the UNITED STATES in this agreement shall not be a basis for DEMITRIOUS DAVIS to withdraw his guilty plea.

6. DEMITRIOUS DAVIS understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. Further defendant waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

7. DEMITRIOUS DAVIS agrees that this Plea Agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, DEMITRIOUS DAVIS acknowledges that he has read

this agreement, has discussed it with his attorney and understands it. DEMITRIOUS DAVIS acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:

**JOSEPH C. MURPHY, JR.**
**UNITED STATES ATTORNEY**


_____       01/21/2022
WENDY K. CORNEJO                         Date
Assistant United States Attorney


_____       1-21-2022
MARY CATHERINE JERMANN-ROBINSON          Date
Attorney for Defendant


_____       1-21-2022
DEMITRIOUS DAVIS                         Date
Defendant